■ Progressive Painting Corp., Respondent, v Perini Corporation et al., Appellants, et al., Defendant. [682 NYS2d 187] —Judgment, Supreme Court, New York County (Charles Ramos, J.), entered October 17, 1997, granting summary judgment in favor of plaintiff in the sum of $362,358.52 with interest from April 30, 1996, unanimously reversed, on the law, with costs and disbursements, and the motion for summary judgment denied. Appeal from order, same court and Justice, entered March 17, 1998, which, upon reargument, reduced the principal amount owed plaintiff to $358,852, unanimously dismissed, without costs, as academic.

Plaintiff, the painting subcontractor hired by defendant, the prime contractor on a municipal bridge renovation, sues to recover a balance due after the City ordered work to stop on five of the six "lump sum" subcontract items. At the center of the controversy is a credit, i.e., reduction in subcontract price, in favor of the City for the uncompleted work negotiated by defendant and the City. Having approved payment of 20% of the subcontract price for the completed work, the City argued that it was entitled to a credit of 80% of defendant's subcontract price, $1,095,000, for the unfinished items. This calculation produced a figure of $876,000, which, contrary to the subcontract's terms, included plaintiff's and defendant's overhead and profit for the uncompleted work. According to the subcontract, only the actual cost of performing the unfinished work should have been deducted. The calculation also failed to take into account the fact that the most difficult portions of the work had already been performed. The unfinished work represented the more easily accomplished work. Thus, plaintiff and defendant agreed upon a proposal which, after deducting their respective overhead and profits from the City's proposed credit and modifying work quantities by the "degree of difficulty", suggested a credit of $446,083.90. The City agreed to reduce the credit, but only to $550,000, representing the actual cost of the unfinished work, which it deducted from the contract price. It is also the amount defendant seeks to deduct from plaintiff as

a credit for the cost of the unfinished work. Prior to the negotiation of the credit, defendant had paid to plaintiff the sum of $97,953; it also paid plaintiff $24,629.50 for paint that it had purchased for use at the project. The IAS Court failed to credit defendant with either payment. On the basis of this omission and the IAS Court's erroneous formulation of the credit that should be deducted from plaintiff's share, we reverse and deny plaintiff's motion for summary judgment.

The IAS Court's adoption of a proportionality calculation of the allocation of credit assigned to plaintiff, in the sum of $446,083, assumes that plaintiff and defendant had a binding agreement limiting plaintiff's share of the credit to that amount. The record does not support such a finding, which runs counter to the subcontract's provisions that require a reduction in amount "equal to the estimated cost of such omitted work" and that any monetary deductions by the City "shall be made to [plaintiff's] payment." Moreover, pursuant to their contract, "[defendant] shall not be liable to [plaintiff] for any other costs nor for prospective profits on work not performed." The court should have allowed the full agreed-to credit of $550,000 to be applied to the subcontract price because that sum represented the reasonable cost of unfinished work and took into account the elimination of overhead and profit.

On our review of the record, we find numerous factual issues precluding the grant of summary judgment. Concur—Sullivan, J. P., Milonas, Wallach, Williams and Mazzarelli, JJ.